IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:23CR63** |
| v. | |
| LUIS DURAN, | **MEMORANDUM AND ORDER** |
| Defendant. | |

On January 5, 2024, the Court sentenced defendant Luis Duran ("Duran") to 36 months of imprisonment followed by 3 years of supervised release for strangling his intimate partner (Filing No. 45). *See* 18 U.S.C. §§ 113(a)(8) and 1152. He began his term of supervised release on November 14, 2025 (Filing No. 51). Several months into his supervised release, Duran was charged with possessing a controlled substance and aiding and abetting in Dodge County, Nebraska. This placed him in violation of multiple mandatory supervised-release conditions.

According to the police report, on March 27, 2026, Dodge County Sheriff's deputies conducted a felony traffic stop after witnesses spotted two men firing a gun from a car into an open field. Duran was in the passenger's seat. When the deputies conducted a probable-cause search of the car, they found a bag of methamphetamine in the center console. The driver and owner of the car, Duran's cousin, stated he had fired the gun—not Duran—but claimed to have thrown it from the car before the stop. After the car was towed and searched a second time, deputies found the handgun "under the passenger-side floorboard."[1]

---

[1]Duran claims the gun was stored in an in-floor storage bin behind the front passenger seat (Filing No. 66).

At Duran's initial appearance before the magistrate judge, the government moved to detain Duran pending his final disposition hearing before this Court which is scheduled for June 3, 2026 (Filing Nos. 58, 63).  In the government's view, Duran poses an extreme risk of danger to the community.

After a hearing to address that question, the magistrate judge denied the government's motion, finding Duran had met his burden by clear and convincing evidence that he did not pose a risk of flight or danger to the community (Filing No. 60).  *See* 18 U.S.C. § 3143(a)(1) (providing that a person held in custody for violating probation or supervised release "shall" be detained, "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released").  In reaching that conclusion, the magistrate judge credited the fact that Duran showed up for his initial appearance, obtained a substance-abuse evaluation, and had been communicative and otherwise compliant with his probation officer.  Moreover, the driver admitted to firing the gun, not Duran.  And neither the gun nor the drugs were found on Duran's person.  Based on the totality of the circumstances, the magistrate judge found that Duran had met his burden and could be released on conditions.  *See* Fed. R. Crim. P. 32.1(a)(6) (permitting the magistrate judge to "release or detain" Duran under 18 U.S.C. § 3143(a)(1), if he establishes he will not pose a risk of flight or danger).

Now before the Court is the government's "Motion for Review of a Release Order/Objection to Denial of the Government's Motion for Detention" (Filing No. 62), asking the Court to review the magistrate judge's order.  *See* 18 U.S.C. § 3145(a).  After careful de novo review of evidence and arguments, including the arguments presented at the detention hearing (Filing No. 63), the Court finds the government's request for detention should be denied for the reasons stated by the magistrate judge.  While this case presents a close call, the Court finds that Duran has met his burden.  *See* Fed. R. Civ. P. 32.1(a)(6).

2

Accordingly, the government's Motion for Review of a Release Order/Objection to Denial of the Government's Motion for Detention (Filing No. 62) is denied.

IT IS SO ORDERED.

Dated this 28th day of April 2026.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
Chief United States District Judge